IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MB2 DENTAL SOLUTIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01430-N |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY *et al.*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff MB2 Dental Solutions LLC's ("MB2") motion to remand [4] and motion for leave to file supplemental authority [24]. For the following reasons, the Court denies MB2's motion to remand. The Court grants MB2 thirty (30) days to amend its pleadings to meet the federal pleading standard. The Court denies MB2's motion for leave to file supplemental authority as moot.

## I. ORIGINS OF THE DISPUTE

This dispute is based on an insurance claim made by MB2, a dental company, for damage arising from the COVID-19 pandemic. MB2 filed a claim under its policy, issued by Zurich American Insurance Company ("Zurich"), and Zurich assigned Defendant Lindsey Diane Harrell as the claim adjustor. Zurich ultimately denied MB2's claim. MB2 filed suit in Texas state court against Zurich for breach of contract, and against both Zurich and Harrell for failure to conduct a reasonable investigation of the insurance claim. Zurich removed the case to this Court on the basis of diversity jurisdiction, claiming that joinder

MEMORANDUM OPINION AND ORDER – PAGE 1

of Harrell, the nondiverse defendant, was improper.  MB2 subsequently filed a motion to remand arguing that the Court lacks subject matter jurisdiction over this action because joinder of Harrell was proper.

## II.  LEGAL STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441.  For a federal court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted).  However, the doctrine of improper joinder allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Cas. Ins. Co.*, No. CIVA.A. H-12-3495, 2013 WL 1290225, at *2 (S.D. Tex. Mar. 26, 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).

A defendant may establish improper joinder when there is no possibility the plaintiff could establish a claim against the defendant. *Smallwood*, 385 F.3d at 573.  The defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  In determining whether a plaintiff has a reasonable basis of recovery, "a court may resolve the issue in one of two ways.  The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Venture Mgt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–02 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).  The Fifth Circuit has held that the federal pleading standard,

MEMORANDUM OPINION AND ORDER – PAGE 2

rather than the state pleading standard, applies in the improper joinder context.  *Id.* at 208. But the focus of the inquiry remains on the joinder, not the merits of the plaintiff's case. *Id.* at 200.

### III.  THE COURT DENIES MB2'S MOTION TO REMAND

Defendants argue that remand is improper because (1) insurance adjusters are not liable under the Texas Insurance Code; (2) MB2 has failed to state a claim against Harrell; and (3) Zurich accepts liability on behalf of Harrell.  Thus, Defendants argue that Zurich is not a proper party to this suit and complete diversity exists.  The Court addresses each argument in turn.

### A.  *Insurance Adjusters Are Independently Liable Under the Texas Insurance Code*

Defendants' primary argument against remand is that MB2 has not stated an Insurance Code claim against Harrell independent of its claims against Zurich.  Defendants argue that the Texas Insurance Code does not permit suit against insurance adjustors.  But this Court has previously held that insurance adjusters can be liable under section 541 of the Insurance Code.  *See Interial v. State Farm Lloyds*, No. 3:13-CV-4880-N, 2014 WL 12580460, at *1 (N.D. Tex. Mar. 7, 2014) (citing *W. States Asset Mgmt., Inc. v. AIX Specialty Ins. Co.*, No. 3:13-CV-00234-M, 2013 WL 3349514, at *5 (N.D. Tex. July 3, 2013)).

The Texas Supreme Court has expressly stated that plaintiffs may bring independent causes of action under Chapter 541 of the Texas Insurance Code against insurance company employees, provided that the employee is "engaged in the business of insurance" and is not a clerical worker without "insurance expertise."  *Liberty Mut. Ins. Co. v.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). Moreover, the Fifth Circuit has interpreted the Texas Insurance Code to authorize actions against insurance adjusters like Harrell. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (determining adjustors are "engaged in the business of insurance" and "may be held individually liable" for insurance code violations) (quoting *Liberty Mut. Ins. Co.*, 966 S.W.2d at 486).

Federal district courts in Texas have repeatedly remanded cases where plaintiffs properly pled Chapter 541 claims against insurance adjusters. *See Griffin St. Mgmt., Inc. v. Lloyds*, No. 3:17-CV-2798-N, 2020 WL 4464305, at *1 (N.D. Tex. Aug. 3, 2020) (citing cases). However, other courts have held that the Texas Insurance Code does not support insurance adjustor liability. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014). This Court has adopted the view that insurance adjustors may be liable under the Texas Insurance Code. *See, e.g.*, *Griffin St Mgmt., Inc.*, 2020 WL 4464305, at *1. However, the Court notes that "[f]ederal district courts in Texas are split on this issue." *Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 WL 6883042, at *5 n.75 (S.D. Tex. Sept. 28, 2016) (citing cases). Regardless, courts construe ambiguities in state law in favor of remand. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("[A]ny doubt as to the propriety of removal should be resolved in favor of remand."). Because there is a split in authority and the Court can reasonably read the Texas Insurance Code to apply to individual adjusters, the Court concludes that remand is proper if MB2 has pleaded a viable claim against Harrell. *Roach*

MEMORANDUM OPINION AND ORDER – PAGE 4

*v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016).

### B.  MB2 Failed to State a Claim Against Harrell

Once the Court has established that Harrell can be sued in her individual capacity, the question remains whether there is a claim that MB2 can pursue.  A court will find joinder improper if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573.  MB2 brings its claims against Harrell under Texas Insurance Code Sections 542.003(b)(5) and 541.060.  While insurance adjusters may indeed be liable under the Texas Insurance Code, the Court nevertheless denies MB2's motion to remand on other grounds.  MB2's petition must contain "enough facts to state a claim to relief that is plausible on its face."  *Int'l Energy*, 818 F.3d at 200 (quoting *Reece v. U.S. Bank. Nat. Ass'n.*, 762 F.3d 422, 424 (5th Cir. 2014)).  MB2's petition fails to do so.

In determining whether remand is proper, the Court applies a Rule 12(b)(6)-type analysis.  *Id.*  Rule 12(b)(6) permits a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted.  FED. R. CIV P. 12(b)(6).  To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. A

MEMORANDUM OPINION AND ORDER – PAGE 5

complaint, however, need not contain "detailed factual allegations." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In cases where a plaintiff misstates or omits facts, the Court may pierce the pleadings and review the summary evidence before it.  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d 568, 573).  Here, the Court declines to pierce the pleadings.  Nonetheless, MB2's complaint fails to state a claim upon which relief can be granted.

MB2's petition alleges that the "acts and omissions of Harrell and her agents constitute one or more violations of the Texas Insurance Code."  Specifically, MB2 alleges that Harrell violated Texas Insurance Code Sections 542.003(b)(5) and 541.060.  However, MB2's petition consists primarily of conclusory statements and recitations of causes of action under Chapter 541.060.  MB2 claims that Harrell was assigned to MB2's claim and that she conducted an outcome-oriented investigation and adjustment.  MB2 alleges that Harrell sent MB2 a reservation of rights letter even though MB2's business loss was covered under the policy.  MB2 further alleges that Harrell, by information and belief, attempted to delay the claim decision and created evidence designed to enable Zurich to deny MB2's claim.  MB2 also claims that Harrell did not timely, fairly, and reasonably adjust and evaluate the loss and that Harrell has repeatedly ignored MB2 when it asked if Harrell required additional information for a claim decision.

MEMORANDUM OPINION AND ORDER – PAGE 6

First, the Court determines that MB2 has not stated a claim under Section 541.060(a)(1).  In its motion to remand, MB2 claims that "Harrell misrepresented the meaning of quoted policy provisions . . . while commenting only regarding physical damage and ignoring physical loss."  *See* Plf.'s Mot. to Remand [4].  However, MB2 "has not alleged that it relied to its detriment on any of the misrepresentations."  *ValTex Properties LLC v. Cent. Mut. Ins. Co.*, No. 3:20-CV-1992-B, 2020 WL 6781944, at *3 (N.D. Tex. Nov. 18, 2020) (nothing that a § 541.060 "misrepresentation claim under the Texas Insurance Code requires reliance on the misrepresentation to the plaintiff's detriment").

The remainder of the pleadings are vague, conclusory, and do not state enough facts to state a claim to relief that is plausible on its face.  Although MB2 alleges that Harrell did not timely conduct her investigation and adjustment, MB2 did not plead any facts as to the timeline of the investigation or Harrell's investigation efforts.  MB2 also alleges that Harrell failed to include all of MB2's properties in the claim despite MB2 submitting the claim to include all locations.  However, MB2 fails to state any details regarding these properties or locations.  Reviewing the sparse factual allegations before the Court, it is unclear if there is a "reasonable basis . . . to predict that the plaintiff might be able to recover against [Harrell]."  *Smallwood*, 385 F.3d 573.  MB2 attempted to remedy these insufficiencies through additional facts included in its various post-removal filings.  *See, e.g.*, Pl.'s Mot. to Remand 11–12 [4] (outlining details as to the timeline of the claim decision, what questions were asked, and number of properties included in its claim).  However, MB2 did not plead these facts in the state court petition at the time of removal.

MEMORANDUM OPINION AND ORDER – PAGE 7

*See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (considering "claims in the state court petition as they existed at the time of removal").

The Court determines that MB2 has not adequately pled an insurance code claim against Harrell under federal pleading standards. The pleadings before the Court may well have been adequate when filed in the state court. However, they fail to meet the federal standard. Thus, the Court grants MB2 leave to amend its complaint to meet the federal standard. *See, e.g.*, *Recovery Res. Counsel v. ACE Am. Ins. Co.*, No. 3:17-CV-2787-N, 2018 WL 3548912, at *3 (N.D. Tex. July 24, 2018) (granting plaintiff leave to amend complaint to meet federal pleading standards after removal).

### *C.  Zurich's Election of Responsibility Does Not Preclude Remand*

Zurich argues that, even if the Texas Insurance Code permits adjustor liability, Zurich accepts responsibility for Harrell's actions. MB2 argues that Zurich may not make an acceptance of liability assertion under Texas Insurance Code Chapter 542A. In Zurich's response to MB2's supplemental authority briefing, Zurich claims that it "did not assert that Chapter 542 applies or make any assertion that it was liable for Ms. Harrell's conduct under any statute." *See* Defs.' Resp. to Pl.'s Brief on Recent Case Law 2 [20]. Rather, Zurich claims that it "simply stated that it 'is accepting liability, if any, for Ms. Harrell's alleged acts and omissions in relation to the claim.'" *Id.* Zurich argues that this election of responsibility precludes remand.

The Court disagrees. First, the Court notes that it is unaware of, and Defendants have not cited, any authority outside of Texas Insurance Code Chapter 542A for an insurer

to render joinder improper by accepting responsibility for an adjuster.[1]   Regardless, Zurich's purported acceptance of liability does not preclude remand.   The voluntary-involuntary act rule provides that "a case nonremovable on the initial pleadings may become removable only pursuant to a voluntary act of plaintiff."   *Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-CV-00595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019).

However, "[c]ourts have long excluded plaintiffs who improperly join non-diverse defendants from the protections of the voluntary-involuntary rule."   *Stephens*, 2019 WL 109395, at *4.   The Court has not yet determined whether Harrell's joinder was improper. If MB2's amended complaint states a legally sufficient claim against Harrell, then the voluntary-involuntary rule requires remand despite Zurich's acceptance of liability.   If MB2's amended complaint fails to state a claim, then joinder is improper and the voluntary–involuntary rule does not apply, and the Court has jurisdiction to hear the case. Thus, Zurich's acceptance of liability has no effect on the removability of this case.

## CONCLUSION

Because MB2 failed to state a claim against Harrell under the federal pleading standards, the Court denies MB2's motion to remand without prejudice.   The Court grants MB2 leave to amend its complaint within thirty (30) days of this Order.   The Court denies MB2's motion for leave to file supplemental authority as moot.

---

[1] Defendants cite two Western District of Texas cases interpreting Chapter 542A's acceptance of liability provisions.   *See* Defs.' Resp. to Mot. to Remand 5 n.11 [12]. However, Defendants themselves note that they are not asserting a Chapter 542A acceptance of liability.   It is unclear how these cases are relevant.

MEMORANDUM OPINION AND ORDER – PAGE 9

Signed January 11, 2021.

David C. Godbey
United States District Judge