IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MB2 DENTAL SOLUTIONS LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:20-CV-01430-N |
| ZURICH AMERICAN INSURANCE COMPANY *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff MB2 Dental Solutions LLC's ("MB2") motion to remand [35] and Zurich American Insurance Company's ("Zurich") and Lindsey Diane Harrell's (collectively, "Defendants") motion to dismiss [28] and motion to strike appendix in support of remand [43]. For the following reasons, the Court grants the motion to remand. The Court denies Zurich's motions to dismiss and to strike as moot.

**I. Origins of the Dispute**

This dispute is based on an insurance claim made by MB2, a dental company, for damage arising from the COVID-19 pandemic. MB2 filed a claim under its insurance policy (the "Policy"), and Zurich assigned Defendant Lindsey Diane Harrell as the claim adjustor. Zurich ultimately denied MB2's claim. MB2 filed suit in Texas state court against Zurich and Harrell for violations of the Texas Insurance Code, among other claims. Zurich removed the case to this Court on the basis of diversity jurisdiction, claiming that the joinder of Harrell, the nondiverse defendant, was improper. MB2 filed its first motion

MEMORANDUM OPINION AND ORDER – PAGE 1

to remand arguing that the Court lacks subject matter jurisdiction over this action because joinder of Harrell was proper. The Court denied MB2's motion to remand without prejudice and granted MB2 thirty days to amend its pleadings to conform to the federal pleading standard. *See generally* Order [26]. MB2 filed its First Amended Complaint ("FAC") and subsequently filed this amended motion to remand.

## II. LEGAL STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). For a federal court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). However, the doctrine of improper joinder allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-12-3495, 2013 WL 1290225, at *2 (S.D. Tex. Mar. 26, 2013) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood*, 385 F.3d at 576. A defendant may establish improper joinder when there is no possibility the plaintiff could establish a claim

MEMORANDUM OPINION AND ORDER – PAGE 2

against the defendant. *Id.* at 573. The defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In determining whether a plaintiff has a reasonable basis of recovery, "a court may resolve the issue in one of two ways. The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Venture Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–02 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). The Fifth Circuit has held that the federal pleading standard, rather than the state pleading standard, applies in the improper joinder context. *Id.* at 208. But the focus of the inquiry remains on the joinder, not the merits of the plaintiff's case. *Id.* at 200.

### III. THE COURT GRANTS MB2'S MOTION TO REMAND

MB2 argues that the FAC clearly states plausible claims for relief against nondiverse defendant Harrell. Defendants argue that remand is improper because (1) the Court has already determined that it has jurisdiction and the FAC cannot divest the Court of jurisdiction and (2) MB2's FAC also fails to state a valid claim against Harrell. The Court addresses each argument in turn.

The Court's prior Memorandum Opinion and Order stated that MB2 failed to state a valid claim against Harrell under federal pleading standards. Defendants argue that the Court has thus already determined that it has jurisdiction over this matter by denying MB2's original motion remand because of its failure to state a claim against Harrell. Moreover, Defendants argue that the Court should not have granted MB2 leave to amend

its complaint because remand should be determined from the complaint as it existed at the time of removal.

First, the Court notes that it expressly stated that it had "not yet determined whether Harrell's joinder was improper." Order at 9 [26]. Second, the Court granted MB2 leave to amend its complaint to meet the federal pleading standard, not improperly to defeat removal through amendment. Here, MB2 did not alter the amount in controversy, claims, or parties. This is not a case in which the Court granted MB2 carte blanche to amend its complaint to assert new causes of action, resulting in a perpetual battle over the propriety of remand. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). While courts have recognized that plaintiffs may not unilaterally destroy jurisdiction, post-removal stipulations may serve to clarify ambiguities in the jurisdictional facts that already existed at the time of removal. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (allowing post-removal stipulation to determine ambiguous jurisdictional fact about amount in controversy). In these cases, "the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." *H & D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 n.7 (5th Cir. 2001) (citing *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 566 (5th Cir. 1993) (abrogated on other grounds)). Similarly, the Court granted MB2 leave here for the narrow purpose of amending its state court complaint to conform to federal pleading standards so that the Court could properly determine whether it had subject matter jurisdiction over this case based on facts that existed at the time the case was removed.

There are good reasons to support granting leave to amend removed petitions. First, it would be unfair to the plaintiffs in a removed action to hold their state court pleadings to federal pleading standards. As the Fifth Circuit stated in *Int'l Energy Venture Mgt. LLC*, the court may conduct a "Rule 12(b)(6)-type analysis" to determine if remand is proper. 818 F.3d at 200–02. But even in the context of a Rule 12(b)(6) dismissal, courts routinely grant leave to amend. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Court sees no reason why a complaint that may well have been adequate at the state court should be dismissed under pleading standards that were not applicable at the time of filing when inadequate complaints initially filed in federal court are routinely amended. *See* FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary *unless the court orders it*.") (emphasis added). Plaintiffs in removed cases, like plaintiffs in cases initially filed in federal court, should be given the opportunity to present their best case prior to dismissal. *See, e.g., Austin v. Medtronic, Inc.*, No. 3:11-CV-278-P, 2011 WL 13228412, at *2 (N.D. Tex. Aug. 18, 2011) (Solis, J.) (granting plaintiff leave to amend to replead claims in compliance with federal pleading requirements); *Hambric Sports Management, LLC v. Team AK, Inc.*, No. 3:09-CV-1662-L, 2010 WL 2605243, at *11 (N.D. Tex. Jun. 29, 2010) (Lindsay, J.) (same); *Willliams v. Wells Fargo Home Mortg.*, No. 3:11-CV-467-B, 2011 WL 2006307, at *2 (N.D. Tex. May 20, 2011) (Boyle, J.) (same).

Second, requiring removed complaints to meet the federal pleading standard would effectively require all state court plaintiffs to file complaints in accordance with Federal Rule of Civil Procedure 12 in light of the potential for removal. Although Defendants

argue that MB2 should have foreseen removal in light of the alleged improper joinder of Harrell, this reasoning would impose a duty on all plaintiffs to file state court complaints in accordance with federal pleading standards in any case in which the doctrine of improper joinder may arise, even if the joinder is proper and the case is ultimately remanded to state court.

Furthermore, even if federal jurisdiction is determined as of the time of removal, courts have the discretion to allow post-removal amendments that destroy subject matter jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *see also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (explaining that once a nondiverse defendant is joined, a court's diversity jurisdiction is destroyed and the court must remand). Regardless, the Court granted MB2 leave to amend its pleadings for the narrow purpose of meeting the federal pleading standards to allow the Court to determine whether it possessed subject matter jurisdiction over MB2's claims. The FAC alleges the same claims against the same parties as in its original state court petition, albeit with additional clarity and detail as required by Federal Rule of Civil Procedure 12. By granting leave to amend, the Court can now fully assess, and Defendants could respond to, the entirety of the jurisdictional facts in this case. Having addressed Defendants' procedural concerns, the Court turns to the merits of MB2's amended motion to remand.

For a case to be removed on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."

MEMORANDUM OPINION AND ORDER – PAGE 6

*McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Moreover, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). However, the "doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573. The removing defendant carries a "heavy burden of proving that the joinder was improper." *Id.* at 576. Here, Defendants seek to establish improper joinder by showing that MB2 is unable to establish a cause of action against Harrell. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test for improper joinder here "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Thus, even a single valid claim against Harrell requires remand of the entire case. Here, MB2 has raised various statutory claims against Harrell arising from allegedly unfair settlement practices. For the following reasons, the Court determines that the FAC states a valid claim against Harrell.

MB2 argues that it, at minimum, has pled plausible statutory claims for relief against Harrell based upon the Policy's Communicable Disease coverage. In relevant part, the Communicable Disease coverage states that Zurich "will pay for the actual Gross Earnings loss sustained by the Insured, as provided by this Policy, resulting from the necessary Suspension of the Insured's business activities at an Insured Location if the Suspension is caused by order of an authorized governmental agency enforcing any law or ordinance

MEMORANDUM OPINION AND ORDER – PAGE 7

regulating communicable diseases and that such portions of the location are declared uninhabitable due to the threat of the spread of communicable disease, prohibiting access to those portions of the Location." Ex. B. at 61 [30-2]. "Suspension" is defined in the Policy as the "slowdown or cessation of the Insured's business activities." *Id.* at 82. MB2 alleges that orders relating to the COVID-19 pandemic resulted in a suspension of its business, thus triggering the Policy's Communicable Disease coverage.

Defendants argue that MB2 failed to plead sufficient facts in its FAC, as MB2 did not specify any government entity issuing an order, specify any order regulating communicable disease, specify any location affected, assert that any order declared a location uninhabitable due to communicable disease, or assert that access to any location was prohibited by government order. Here, the Court notes that, although Rule 12 imposes a stricter pleading requirement, a complaint need not contain "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court determines that MB2 has pled sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the FAC, MB2 states that it "has sustained and will sustain covered losses during the Covid-19 outbreak and subsequent State and County stay at home orders, as well as orders from the American Dental Association . . . [which] forced the suspension and cessation, and/or slowdown of Plaintiff's business operations at the Properties." First Am. Compl. at 3 [27]. Moreover, the FAC alleges that "Harrell failed to investigate whether some locations were wholly inoperable, failing to ever even ask whether and to what extent each of Plaintiff's more than 200 locations did *or even could* provide emergency services."

MEMORANDUM OPINION AND ORDER – PAGE 8

*Id.* at 7 (emphasis in original). The FAC permits the Court to draw the reasonable inference that Communicable Disease coverage applies and that Harrell is liable under the Texas Insurance Code for various statutory violations, including Tex. Ins. Code sections 541.060(a)(3) for failure to provide a reasonable explanation for the insurer's denial of a claim and 541.060(a)(2)(A) for failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." *See, e.g.*, *Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the United States, Fort Worth, Texas v. Covington Specialty Ins. Co.*, No. 3:16-CV-3112-B, 2017 WL 1929124, at *4 (N.D. Tex. May 10, 2017) (granting motion to remand). Because the Court is satisfied that a plausible claim has been pled against Harrell, remand is proper.

## CONCLUSION

Accordingly, the Court determines that there is a reasonable basis to predict that MB2 might be able to recover against in-state defendant Harrell. Because Harrell is properly joined as a party in this matter, the Court lacks diversity jurisdiction over this case under 28 U.S.C. § 1332. Thus, the Court grants MB2's amended motion to remand and denies Zurich's motions to dismiss and to strike as moot. It is, therefore, ordered that this case is remanded to the 134th Judicial District Court in Dallas County, Texas.

Signed June 21, 2021.

David C. Godbey
United States District Judge